**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA (ATLANTA DIVISION)**

---

KANDYCE GRANT,
      Plaintiff,

                                      CASE NO.

      vs.

REPUBLIC FINANCE, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; EQUIFAX
INFORMATION SERVICES, LLC;
and TRANS UNION, LLC;
           Defendants.

---

**COMPLAINT AND JURY DEMAND**

---

COMES NOW, Plaintiff, Kandyce Grant, by and through undersigned counsel, and for her complaint against the named defendants; and in support thereof, she alleges the following:

**<u>PRELIMINARY STATEMENT</u>**

1. Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by reporting inaccurate, incomplete and misleading information. Specifically, Republic Finance reported to Equifax, Experian and Transunion (collectively, the "CRAs") that Ms. Grant defaulted on a personal loan, is in collections and no longer making any payments. However, the

foregoing reporting is mostly false. While Ms. Grant defaulted on her payment, she is now current on the loan and faithfully making timely payments each month.

2.    Ms. Grant has disputed the Republic loan—both indirectly via the CRAs and directly with Republic Finance—on several occasions. In response to Ms. Grant's disputes, Republic failed to perform a reasonable investigation and failed to correct the inaccuracies. Although Republic's investigation did not meet the requirements of a reasonable investigation, Republic informed the CRAs that it had investigated and verified the accuracy of the disputed information.

3.    For their part, the CRAs merely transcribed Ms. Grant's dispute into an electronic form that they forwarded to Republic to investigate. And in complete abdication of their duties under the FCRA, the CRAs solely relied on Republic's investigation of Ms. Grant's dispute and did no investigation of their own. The CRAs' accepted the dispute results of Republic and continued publishing reports that contained, among other errors, the inaccurate Republic loan.

**JURISDICTION & PARTIES**

2

4. This Court has jurisdiction and is a proper venue because Defendant(s) have been alleged to violate a federal law, the FCRA, and alleged violations occurred in this federal district court.

5. Plaintiff, Kandyce Grant, is a natural person and a consumer as defined by the FCRA, 15 U.S.C. § 1681a, (b) and (c).

6. Republic Finance, LLC ("Republic") is a private finance company that specializes in consumer loans and is headquartered in Baton Rouge, Louisiana. Republic reports information on its customers to the CRAs and is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

7. Equifax Information Services, LLC ("Equifax") is a Georgia company that does business in the State of Georgia through its registered agent. Equifax collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

8. Experian Information Solutions, Inc. ("Experian") is a California company that does business in the State of Georgia through its registered agent. Experian collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

9. Trans Union, LLC ("Transunion") is an Illinois company that does business in the State of Georgia through its registered agent. Transunion

collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

10.    Ms. Grant had a personal loan with Republic that went into default. Thereafter, Republic sued Ms. Grant in state court for breach of contract. Ms. Grant and Republic settled the lawsuit and entered into a consent judgment for the debt. Under the terms of the consent judgment, Ms. Grant agreed to make scheduled payments each month until the debt was paid in full.

11.    After entering into the payment plan under the consent agreement, Plaintiff began making payments on the loan to Republic and has continued to make payments for 9 months. However, Republic has not updated its reporting and continues to report that no payments have been made since the account went into collection. As a result, third parties that receive consumer reports from the CRAs are misled into believing that there have been no changes in Ms. Grant's payment habits on the Republic loan since the account went into default.

12.    Ms. Grant disputed the account in writing directly with Republic and indirectly with Republic through the CRAs. Republic received Ms. Grant's direct disputes and her CRA disputes by way of an ACDV that the CRAs forwarded to Republic. When Republic received Ms. Grant's disputes, it

4

processed those disputes by checking the information in the CRAs' files to make sure that the information matched up with the information that it was furnishing to the CRAs.

13.    Republic did not investigate any of Ms. Grant's disputes with the goal of verifying the *accuracy* of the disputed information. Nor did Republic seek to verify the *completeness* of the disputed information. Instead, Republic merely sought to assure the information that it furnished to the CRAs was being reported *consistently* by the CRAs, regardless of the accuracy or completeness of that information. Republic did not even report the accounts as disputed.

14.    The CRAs did not investigate Ms. Grant's disputes. Instead of doing an investigation, they forwarded Ms. Grant's disputes to Republic and waited for Republic to respond to the disputes. Republic conveyed its dispute results to the CRAs and the CRAs accepted Republic's dispute results without considering the merits of Ms. Grant's disputes. Despite receiving numerous disputes from Ms. Grant, the CRAs have not clearly noted that the Republic account is disputed by Ms. Grant and have not provided a description of her dispute(s).

15.    Seven years ago, the Sixth Circuit Court of Appeals admonished furnishers that a consumer report is inaccurate if it fails to report that an account is under a payment plan. *Pittman v. Experian Information Solutions, Inc.*, 901

F.3d 619 (6th Cir. 2018). Similarly, just over two years ago, the Seventh Circuit Court of Appeals reprimanded CRAs that a consumer report is inaccurate if the consumer report does not reflect an account is under a payment plan. *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800 (7th Cir. 2023). Both *Chaitoff* and *Pittman* provided guidance to CRAs and furnishers alike because the accuracy standard under the FCRA is the same for furnisher as it is for a CRA.

16.    Nearly twenty years ago, the Fourth Circuit Court of Appeals put furnishers on notice that they must note an account is disputed when responding to a consumer's dispute that is forwarded by a CRA. *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142 (4th Cir. 2008). At least two other circuit courts have reiterated a furnisher's obligation to note a disputed account as disputed. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009); *Seamans v. Temple University*, 744 F.3d 853 (3rd Cir. 2014)

17.    Nearly twenty years ago, the Supreme Court warned all FCRA defendants that if they adopt an interpretation of the FCRA that is in contradiction to circuit court opinions, then they are susceptible to being found to have willfully violated the FCRA. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007).

18.    Despite guidance from *Pittman* and *Chaitoff*, the Defendants have adopted an interpretation of the FCRA that interprets the FCRA as not requiring

them to report the existence of a payment plan. And despite the guidance from *Saunders*, *Gorman* and *Seamans*, Republic has adopted an interpretation of the FCRA that does not require it to report the existence of a dispute.

19. In addition to the Republic account, the CRAs reported numerous other inaccurate items, including a collection account reported by LVNV Funding or Resurgent Capital Services, a charge card reported by Comenity Bank, and several student loans reported by MOHELA. Those inaccuracies included a collection account that did not belong to Ms. Grant, a charge card that omitted all positive payment history and the fact that Ms. Grant tried to pay the creditor, and student loan accounts that reported her late when the loans were in deferment. After receiving Ms. Grant's disputes of the foregoing items, the CRAs continued reporting the errors. The CRAs' failure to correct the inaccuracies was due to their failure to perform a reasonable investigation of the disputes. And those inaccuracies were included in the consumer reports that the CRAs sold to third parties that requested information on Ms. Grant.

20. The CRAs have sold several consumer reports regarding Ms. Grant's credit profile to third parties, and those consumer reports contained several inaccuracies that mislead the third parties to view Ms. Grant as a higher credit risk than she actually was. Consequently, Ms. Grant does not qualify for

certain credit that she desires and needs. And the inability to correct her credit report and/or obtain credit has caused Ms. Grant to suffer emotional distress.

## COUNT ONE: VIOLATION(S) 15 U.S.C. § 1681e

21.    Plaintiff incorporates paragraphs 1 through 20.

22.    The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports that they published to third parties.

23.    The CRAs have not implemented reasonable procedures because they prioritize making substantial profits over complying with the FCRA.

24.    The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

25.    The CRAs have purposely adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA would be too costly for their profit ambitions.

26.    The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

27.    The CRAs are extremely profitable and some of the most profitable companies in the United States, if not the world. If the CRAs were not excessively greedy, they could easily budget money and allocate sufficient resources for their employees to comply with their statutory duties under the FCRA.

28.    The CRAs' actions were intentional or reckless, both which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

29.    As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

30.    Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from the CRAs pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO: VIOLATION(S) 15 U.S.C. § 1681i

31.    Plaintiff incorporates paragraphs 1 through 20.

32.    The CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's disputes.

33.    The CRAs violated 15 U.S.C. § 1681i by failing to provide proper and sufficient notice of Plaintiff's disputes to the furnishers of information disputed by the Plaintiff.

34.    The CRAs violated 15 U.S.C. § 1681i by failing to review and consider all relevant information that they received from Plaintiff's disputes.

35.    The CRAs violated 15 U.S.C. § 1681i by failing to delete or modify disputed information that was found to be inaccurate, incomplete or unverifiable.

36.    The CRAs violated 15 U.S.C. § 1681i by failing to clearly note disputed accounts as disputed and by Plaintiff and providing either Plaintiff's statement or a clear and accurate codification or summary thereof.

37.    The CRAs' failure to comply with 15 U.S.C. § 1681i is due to their decision to prioritize making substantial profits over complying with their duties under the FCRA.

38.    Consequently, the CRAs have implemented policies and procedures that are not adequate to comply with their duties under the FCRA.

39.    The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

40.    The CRAs have purposely adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA would be too costly to their profit ambitions.

41.    The CRAs have ignored the opinions and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

42.    The CRAs are extremely profitable and are some of the most profitable companies in the United States, if not the entire world. If the CRAs were not overly obsessed with making substantial profits, they could easily budget money and allocate sufficient resources that are necessary and adequate to comply with their statutory duties under the FCRA.

43.    The CRAs' actions were intentional or reckless, both which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. §

1681n. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

44.    As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss of credit opportunities, emotional distress and feelings of physical sickness.

45.    Plaintiff is entitled to actual damages, statutory damages, costs, and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT THREE: VIOLATION(S) 15 U.S.C. § 1681s-2(b)

46.    Plaintiff incorporates paragraphs 1 through 20.

47.    Republic violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

48.    Republic violated 15 U.S.C. § 1681s-2(b)(1) by failing to review all relevant information provided by the CRAs.

49.    Republic violated 15 U.S.C. § 1681s-2(b)(1) by failing to report the results of the investigation of Plaintiff's disputes to the CRAs.

50.    Republic violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to the CRAs that its investigation found the disputed information was incomplete or inaccurate.

51.     Republic violated 15 U.S.C. § 1681s-2(b)(1) by failing to modify, delete or block information that was found to be inaccurate, incomplete or unverifiable.

52.     Republic's failure to comply with 15 U.S.C. § 1681s-2(b) is due to its decision to prioritize making substantial profits over complying with its duties under the FCRA.

53.     Consequently, Republic has implemented policies and procedures that are not adequate to comply with its duties under the FCRA.

54.     Republic has performed a cost-benefit analysis of complying with the FCRA and determined that implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

55.     Republic has purposely adopted incorrect interpretations of the FCRA when developing its' policies and procedures for complying with the FCRA because Republic decided that the costs of complying with the FCRA will be too costly for its' profit ambitions.

56.     Republic has ignored the opinion and holdings of the Circuit Courts of Appeals because Republic would lose profits if it adhered to those opinions and holdings.

57.     Republic is an extremely profitable company—with over $670 million in annual revenue—and can easily afford and implement policies and procedures that comply with its' statutory duties and obligations under the FCRA.

58.     There would barely be a blip in Republic's profit margins if it were to budget money and allocate sufficient resources to comply with its' statutory duties under the FCRA.

59.     Republic's actions were intentional or reckless, both which amount to a willful violation, rendering BOA liable pursuant to 15 U.S.C. § 1681n. Alternatively, Republic was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

60.     As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

61.     Plaintiff is entitled to recover actual or statutory damages, costs and attorney's fees from Republic pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III – DEFAMATION

62.     Plaintiff incorporates by reference paragraphs 1 through 20.

14

63.    Republic intentionally reported inaccurate information to CRAs about the Plaintiff's payment profile.

64.    Republic knew the CRAs would publish consumer reports containing inaccurate payment on Plaintiff to third parties that would evaluate Plaintiff's credit profile.

65.    Republic's reporting constituted defamatory statements as the reportings were injurious to Plaintiff's credit and financial profile.

66.    Republic knew that its false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

67.    Republic's false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays:

A.    That the Court award actual damages;

B.    That the Court award maximum statutory damages;

C.    That the Court award maximum punitive damages;

D.    That the Court award costs and any reasonable attorneys' fees; and

E.    That the Court award prejudgment and post-judgment interest.

Respectfully Submitted,

*/s/ Hughie D. Hunt*
Hughie D. Hunt
GABar No:4422114
Of Counsel,
Law Office of Kevin Williams LLC
1718 Leighton Wood Lane
Silver Spring, MD 20910
P 301.399.1700
hhunt@kemethuntlaw.com
Attorney for Plaintiff

16